UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMOTHY DALE FINNELL,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 5:19-cv-08030-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 11 |

Plaintiff Timothy Dale Finnell alleges various state-law causes of actions against Defendant Ford Motor Company. Defendant argues that Plaintiff's Complaint must be dismissed for failure to state a claim. The Court agrees and **GRANTS** Defendant's motion to dismiss.[1]

I. **BACKGROUND**

A. **Factual Background**

Plaintiff alleges that "on or about May 28, 2013," he purchased a 2013 Ford Explorer ("the Vehicle"). Complaint for Violation of Statutory Obligations ("Compl.") ¶ 9, Dkt. 1. In connection with the purchase, Plaintiff received express and implied warranties. *Id.* ¶¶ 10, 31. Defendant allegedly breached both warranties because neither Defendant nor its representatives were able, after a reasonable number of opportunities, to service or repair the Vehicle to conform to the applicable express warranties. *Id.* ¶ 12. And, because these defects were "so substantial" during the one-year implied warranty period, the Vehicle was "not fit for the ordinary purposes for which such goods are used." *Id.* ¶ 33.

---

[1] After considering the Parties' papers, the Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
1

Plaintiff alleges that during the warranty period, the Vehicle contained or developed defects related to: (1) the electrical system; (2) the Sync system (namely that it worked intermittently); (3) the transmission (namely that the Vehicle would only start when the ignition key was jiggled and would not crank and/or would click at start); (4) the smell of burning fluid; (5) oil leaks; (6) the battery; (7) the engine (namely that it would make ticking or clunking noises); (8) the Check Engine Light ("CEL"); (9) the heating and air system; and (10) the "check door" warning light (the door ajar warning light would remain constantly on). *Id.* ¶ 11. The Vehicle allegedly "contained or developed" these defects "at the time of purchase" or "within one-year" of purchase. *Id.* ¶ 33. Plaintiff contends that he presented these defects to Defendant "within a reasonable time" but Defendant failed to repair the Vehicle and thus "breach[ed] the terms of the written warranty." *Id.* ¶ 27.

Plaintiff asserts six causes of action against Defendant. He alleges that Defendant violated California Civil Code Section 1793.2(d), California Civil Code Section 1793.2(b), California Civil Code Section 1793.2(a)(3), breached the Parties' express warranty (Cal. Civ. Code § 1791.2(a), § 1794), breached the implied warranty of merchantability (Cal. Civ. Code § 1791.1, § 1794, § 1795.5), and committed fraud. *See generally id.* The first three causes of action are based on alleged violations of the California Song-Beverly Consumer Warranty Act and are governed by a three-year statute of limitation period. *See* Cal. Code. Civ. P. § 338. The fourth and fifth causes of action for breach of warranty, and the federal Magnuson Moss claim, see Compl. ¶ 1, are governed by a four-year statute of limitation period. Cal. Com. Code § 2725. The sixth cause of action for fraud is governed by a three-year statute of limitations period. *See* Cal. Code. Civ. P. § 338.

**B. Procedural History**

Plaintiff filed his Complaint on December 9, 2019. *See* Compl. As noted, Plaintiff purchased the Vehicle on May 28, 2013 and the defects allegedly arose at the time of purchase or within one-year of purchase. *Id.* ¶ 33.

On January 2, 2020, Defendant filed a motion to dismiss Plaintiff's Complaint. Notice of

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
2

and Motion to Dismiss ("Mot."), Dkt. 11.[2] Plaintiff filed an opposition to this motion on January 24, 2020. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp."), Dkt. 14. On February 5, 2020, Defendant filed a reply. Reply Memorandum of Points and Authorities ("Reply"), Dkt. 20.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The requirement that the court must "accept as true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.* "[F]ormulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions, without more, give rise to "unwarranted inferences . . . insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (quotation marks and citation omitted).

Dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When a claim or portion of a claim is precluded as a matter of law, that claim may be dismissed pursuant to Rule 12(b). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (discussing Rule 12(f) and noting that 12(b)(6), unlike Rule 12(f), provides defendants a mechanism to challenge the legal sufficiency of complaints). Hence, if the running of the statute of limitations is apparent from the face of a complaint, a claim may be

---

[2] Defendant requests that this Court take judicial notice of the *Baranco v. Ford Motor Co.* docket and a stipulation of voluntary dismissal with prejudice. Request for Judicial Notice, Dkt. 12. Federal Rule of Evidence 201(b) permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Specifically, a court may take judicial notice of matters of public record. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Because the *Baranco* docket and stipulation are "matters of public record," Defendant's request for judicial notice is **GRANTED.**

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
3

dismissed. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). A motion to dismiss that argues the claims are time-barred may only be granted if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993))). In other words, it must be "beyond doubt" that the claim is untimely. *Supermail Cargo*, 68 F.3d at 1207 ("For this reason, we have reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings.").

### III. DISCUSSION

#### A. Statute of Limitations

The Court must first determine if Defendant is correct that Plaintiff's claims are time-barred. *See* Opp. at 5–17. As stated, Plaintiff asserts: (1) three Song-Beverly Warranty Act claims; (2) two breach of warranty claims; (3) a federal Magnuson Moss claim; and (4) a fraud claim.

Plaintiff first argues that because the "face of the Complaint does not disclose a limitation defense," Defendant cannot proceed with its argument that Plaintiff's claims are time-barred. Opp. at 17. "To grant a Rule 12(b)(6) motion on the basis of an affirmative defense, the facts establishing that defense must (i) be definitively ascertainable from the complaint and other allowable sources of information, and (ii) suffice to establish the affirmative defense with certitude." *Alexsam, Inc. v. Green Dot Corp.*, 2016 WL 7261538, at *2 (C.D. Cal. Dec. 13, 2016) (quotation marks and citation omitted). Contrary to Plaintiff's assertion, the statute of limitations defense *is* "definitively ascertainable." Plaintiff alleges *when* the defects arose, and the steps Plaintiff took to remedy the defects. *See, e.g.*, Compl. ¶ 11, 27, 33 (stating when observable defects became apparent). Indeed, Plaintiff alleges not only that he knew about the Vehicle's

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
4

numerous defects, but that such defects arose "[a]t the time of the purchase, or within one-year thereafter, the Vehicle contained or developed the defects set forth above." *See id.* ¶ 27 ("Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the Defects."); *see also id.* ¶ 33. The statute of limitations thus began to run at purchase, in March 2013, *or* within the year thereafter, *i.e.* sometime between March 2013 and March 2014. *See Mexia v. Rinker Boat Co.*, 95 Cal. Rptr. 3d 285, 291 (Ct. App. 2009) ("A cause of action accrues when the breach occurs . . . . A breach of warranty occurs when tender of delivery is made . . . .").[3] Hence, under either timeline, it is plain from the Complaint that Plaintiff's warranty claims (filed in 2019) are past due. *See supra* I.A. (stating statute of limitations governing claims); *see also infra* (discussing fraud claim and delayed discovery rule). Accordingly, the facts establishing the statute-of-limitations defense are "definitively ascertainable."

Plaintiff next argues that even if the statute of limitations governing the claims has expired, the limitation periods are tolled under the repair doctrine and equitable estoppel. Not so. Regarding the repair doctrine, the statute of limitations on a warranty claim is "tolled during the period in which *a defendant* has unsuccessfully attempted to repair the defect." *Cardenas v. Ford Motor Co.*, 2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018) (citing *Aced v. Hobbs-Sesack Plumbing Co.*, 55 Cal. 2d 573, 585 (1961)) (emphasis added). This is because tolling "rests upon the same basis as does [] estoppel . . . *i.e.*, reliance by the plaintiff *upon the words or actions of the defendant* that repairs will be made." *A&B Painting & Drywall, Inc. v. Super. Ct.*, 30 Cal. Rptr. 2d 418, 420 (Ct. App. 1994) (emphasis added). Because repair by third parties does not involve

---

[3] To the extent there is inconsistency with this Court's decision in *Tanner v. Ford Motor Co.*, 2019 WL 6269307 (N.D. Cal. Nov. 25, 2019), that case discussed whether the implied warranty of merchantability's statute of limitations *could* be tolled to extend to future (and undiscovered) defects. The Court held that it was not "obvious" that the plaintiff could not amend its complaint to allege that the discovery rule applied. *Tanner*, 2019 WL 6269307 at *4. Likewise, here, Plaintiff could amend the complaint to allege tolling. Moreover, in contrast to *Tanner*, a sham-joinder case, this case discusses whether Plaintiff failed to state a claim for relief. *See Montgomery v. Ford Motor Co.*, 2019 WL 6896146, at *2 (N.D. Cal. Dec. 18, 2019). Finally, Plaintiff does not argue delayed discovery applies to the implied warranty claims. *See infra* n.4. Accordingly, the decision in *Tanner* and this case are consistent.

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
5

reliance upon the defendant, such repairs "furnish[] no basis for tolling." *Id.* Plaintiff cannot rely on the repair doctrine because he fails to allege that Defendant performed the repairs or promised to perform the repairs. Instead, Plaintiff alleges some "third-party" repaired the Vehicle. *See, e.g.* Compl. ¶¶ 19, 24, 27 ("Plaintiff delivered the Vehicle to Defendant's *representative* in this state to perform warranty repairs." (emphasis added)). Thus, because the Complaint does not allege that Defendant repaired the Vehicle (or promised to do so), Plaintiff may not rely on the repair doctrine. *See A&B Painting & Drywall, Inc.*, 30 Cal. Rptr. 2d at 420.

Likewise, Plaintiff may not rely on equitable tolling. Equitable tolling suspends or extends the statute of limitations to "prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1031 (Cal. 2008); *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013). For instance, a defendant may not invoke a statute of limitations defense if the defendant used "fraud, misrepresentations, or deceptions" to induce the plaintiff to refrain from bringing a timely action. *Shoppers Corner, Inc. v. Hussmann Corp.*, 2009 WL 10702191, at *4 (N.D. Cal. Sept. 24, 2009) (citing *Sofranek v. Cty. of Merced*, 53 Cal. Rptr. 3d 426, 435 (Ct. App. 2007; *see also Aryeh*, 292 P.3d at 875 ("The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale."). Equitable tolling thus requires the plaintiff to show that they did not litigate their claim(s) because they relied on the defendant's representations. *See, e.g.*, *Shoppers Corner, Inc.*, 2009 WL 10702191 at *3.

Plaintiff cannot meet this burden—he cannot show that he abstained from litigating his claims because of Defendant's words or actions. First, Plaintiff pleads that a *third-party* made the repairs. *See* Compl. ¶¶ 19, 24, 27; *cf. Shoppers Corner, Inc.*, 2009 WL 10702191, at *3 ("Repair by third parties does not toll the statute of limitations."). Second, Plaintiff's theory is not that Defendant misrepresented its ability to repair the defects. To the contrary, Plaintiff alleges only that Defendant knew about the defects and failed to disclose such defects to Plaintiff. *See* Compl. ¶¶ 35–50. And, as noted, Plaintiff knew about the defects. *See id.* ¶ 27. Hence, because Plaintiff

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
6

has not shown that he refrained from bringing his action due to Defendant's misrepresentations, Plaintiff cannot rely on equitable estoppel to toll the statute of limitations for his warranty claims.

Plaintiff last argues that the delayed discovery rule applies to his fraud claim.[4] A fraud cause of action does not accrue until the aggrieved party discovers facts constituting the fraud. *See Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1100 (N.D. Cal. 2007) ("The statute of limitations for a claim sounding in fraud 'is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting fraud or mistake.'") (quoting Cal. Code Civ. Proc. § 338(d)). The limitations period begins once the plaintiff "has notice or information of circumstances to put a reasonable person on inquiry." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988). Thus, once a plaintiff has "suspicion of wrongdoing," she must decide whether to file suit or sit on her rights. *Id.* at 1111. Plaintiff contends that he could not reasonably discover the defects (specifically the Door Ajar Defect) until June 2019, because the defect was neither disclosed during the maintenance repairs nor disclosed by Defendant. Opp. at 21; *see also* Compl. ¶¶ 39, 42. Plaintiff, however, misstates the proper standard. "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim." *Jolly*, 44 Cal. 3d at 1111. Plaintiff alleges that Defendant knew, but did not disclose, that the vehicle was "not suitable for its intended use." Compl. ¶ 41. Yet, Plaintiff also alleges that he knew of the alleged defects. *Id.* ¶¶ 27, 33 (alleging that he "notified Defendant and its representatives of the characteristics of the Defects" within a year of the purchase date). Thus, even reading the Complaint "liberally," it is clear that Plaintiff was "on notice" of the allegedly concealed defects within one-year of purchase. *See Jablon*, 614 F.2d at 682. Accordingly, the delayed discovery rule does not aid Plaintiff.[5]

---

[4] Defendant argues that Plaintiff attempts to use the delayed discovery rule to toll the statute of limitations for his warranty claims. Reply at 3–4. The Court does not read Plaintiff's opposition this way—Plaintiff only argues that the discovery rule tolls the statute of limitations for his fraud claim. *See* Opp. at 20 ("A fraud cause of action does not accrue until discovery by the aggrieved party of the facts constituting the fraud."). Accordingly, the Court does not address the discovery rule's applicability to express and implied warranty claims.

[5] The Court does not reach Defendant's other arguments because it holds Plaintiff's claims are untimely. *See Supermail Cargo*, 68 F.3d at 1207.

Case No.: 5:19-cv-08030-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND
7

## IV. CONCLUSION

Because the statute of limitations has expired for each claim, Defendant's motion to dismiss is **GRANTED.** When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court finds amendment would not be futile. Accordingly, Plaintiff's claims are dismissed with leave to amend. He may file an amended complaint by **March 31, 2020.** Plaintiffs may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: March 6, 2020

EDWARD J. DAVILA
United States District Judge